IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## STATE OF TENNESSEE v. BOBBY LEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 1-364     William B. Acree, Jr., Judge**

**No. W2003-02948-CCA-R3-CD  - Filed August 11, 2004**

The defendant appeals his conviction for attempted first degree murder.  The defendant's sole issue on appeal is a claim that the jury venire was unconstitutionally empaneled by failing to include adequate representation of African-Americans.  The defendant failed to prove a prima facie case, and the conviction is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, Bobby Lee.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin D. McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Bobby Lee, was convicted by an Obion County jury of the offenses of attempted first degree murder and aggravated assault.  The offenses were merged, and the defendant was sentenced as a career offender to a term of sixty years.

The sole issue presented by the defendant is a claim that the jury venire was unconstitutionally empaneled due to a lack of adequate representation of African-Americans.

The defendant in this cause is of African-American descent. Prior to commencement of voir dire examination, the defendant's counsel, at a bench conference, addressed the court as follows:

Counsel:     Your Honor, I wanted to make an objection on the record to the jury pool.  There's only one minority in the entire pool.

The Court:    Okay.  Thank you.

Subsequent to the trial at the motion for judgment of acquittal and motion for new trial, defense counsel introduced U. S. Census data of 2000 for Obion County.  It reflected that African-Americans' percentage in the Obion County population was 9.8%.  The prosecutor stipulated that the jury pool at trial consisted of approximately forty-five to fifty individuals.  However, the prosecutor did not agree that only one African-American was in the entire jury pool.

The Circuit Court Clerk testified that the jury panel is randomly selected from Obion County licensed drivers, utilizing a computer software program.  Approximately 150-160 names are thus selected and submitted to the jury commissioners for Obion County.  The commissioners delete the names of individuals who are ineligible or unable to serve for reasons such as being deceased, ex-residents, or known invalids.  Those individuals remaining constitute the jury venire.

In overruling the defendant's motion for a new trial and/or judgment of acquittal, the trial judge found that the defendant had failed to prove: (1) that the group's representation and the source from which the juries are selected are not fair and reasonable in relation to the number of the group in the community; and (2) that underrepresentation results from systematic exclusion of the group in the jury selection process.  The trial judge further observed:

> Although there was only one black person in the jury venire on the day the defendant was tried, there is no evidence before the Court as to the number of other black jurors, if any, that were in this jury pool.  Furthermore, the defendant has failed to show there was systematic exclusion of black people in the jury selection process in Obion County.

Under the Sixth Amendment and the Due Process Clause, "juries must be drawn from a source fairly representative of the community."  Taylor v. Louisiana, 419 U.S. 522, 538, 95 S. Ct. 692, 702, 42 L. Ed. 2d 690 (1975); State v. Nelson, 603 S.W.2d 158, 161 (Tenn. Crim. App. 1980).  The United States Supreme Court has developed a three-part test describing the burden of a defendant alleging exclusion of a group:

> In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to the systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364, 99 S. Ct. 664, 668, 58 L. Ed. 2d 576 (1979); State v. Nelson, 603 S.W.2d at 161.

Petit juries, as actually chosen, are not required to mirror the community, and a defendant is not entitled to a jury of any particular composition.  Taylor v. Louisiana, 419 U.S. at 538, 95 S. Ct. at 702, 42 L. Ed. 2d 690 (1975).

From our review of the record, we believe that the evidence supports the trial court's finding that the defendant has failed to make a prima facie case of systematic exclusion of African-American jurors. Although there was only one African-American juror in the prospective jury panel at trial, the record is devoid as to the number of African-Americans in the complete venire. Furthermore, the defendant has failed to prove that the method of selection results in an exclusion of African-Americans or that underrepresentation is systematic. One panel of jurors which is underrepresented by African-Americans does not, by itself, prove systematic exclusion.

Accordingly, we affirm the conviction of the defendant.

_____
JOHN EVERETT WILLIAMS, JUDGE